FRUGÉ, Judge.
Shelley Mouledous, an adjacent landowner to Maxie Pierce, filed a possessory action against the latter and sought and was granted an injunction against defendant from disturbing his possession during the pendency of the possessory action. Defendant has appealed from that injunction. We affirm.
The plaintiff, Shelley Mouledous, in his petition alleged that he is the owner of and does possess a certain strip or parcel of land lying in and being situated in the Seventh Ward of the Parish of Vermilion, State of Louisiana, and having a front of 257 feet on the highway leading from Abbeville to Intercostal City, and a depth along Bayou Vermilion of 225 feet in depth to be found between the highway and Vermilion Bayou, the said strip being bound North by Maxie Pierce, South by Ivy Richard, East by Vermilion Bayou, and West by the highway. Plaintiff further alleged that he had been in peaceful possession of the above-described property without interruptions for more than one year prior to the date of disturbance, June 17, 1970. In his petition Shelley Mouledous stated several actions by the defendant, which the plaintiff contends is a disturbance to the peaceful possession of the property.
In his petition, Shelley Mouledous also prayed for a preliminary injunction as provided for in Article 3663, Code of Civil Procedure, wherein: *756 is allowed injunctive relief. On June 25, 1970, a hearing was held on the motion for preliminary injunction and the motion filed by the defendant to dissolve the temporary restraining order. After the hearing, the trial judge dismissed the motion to dissolve the temporary restraining order and issued a preliminary injunction..
*755 “(1). A plaintiff in a possessory action during the pendency thereof ...”
*756 Appellant contends that the decision was wrong because the acts of defendant were not of such a nature as to disturb plaintiff in his possession or enjoyment of the property, and they were not sufficient to put plaintiff on notice that his dominion was being seriously challenged. Appellant argues that the possessory action in this case was improper; hence, injunctive relief under Article 3663 C.C.P. is improper.
Appellant contends that the trial judge erred in holding that the surveying operations constituted a disturbance in fact sufficient to support the possessory action, citing Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934) and Gillan v. Jones, 157 So.2d 598 (La.App. 2nd Cir., 1963). However, that is not correct. Even though the trial judge did find as a fact that the defendant had conducted surveying operations on the property, the surveying was not the only factor to be considered. Plaintiff had complained in his petition of other acts of disturbance. These other acts of disturbance are revealed in the testimony taken at the hearing.
The evidence indicates that several trespasses had occurred upon plaintiff’s property, and that defendant had conducted surveying operations on the property. There is evidence of an intrusion into plaintiff’s half of a boating slip by a drag-line employed by the defendant to remove silt in the slip. Also, there is evidence that plants, trees, and other foliage had been destroyed upon plaintiff’s property, perhaps destroyed by the dragline and surveying operations. It is apparent from the evidence that some injury had already been done to plaintiff’s property. Plaintiff should not have to wait until considerable destruction is done before he can obtain relief.
We cannot conclude that the trial court was in error in granting the injunction.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant to pay all costs.
Affirmed.